UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 12-07-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ARTURO J. HERNANDEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of *pro se* Defendant Arturo J. Hernandez's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 69] The defendant seeks this reduction based upon proposed amendments to the United States Sentencing Guidelines. Hernandez was originally sentenced to a term of incarceration of 60 months on October 2, 2012. [Record No. 63] Having reviewed this matter, including the defendant's Presentence Investigation Report and transcript of the sentencing hearing, the Court determines that a reduction of Hernandez's sentence is not warranted.

On March 1, 2012, Hernandez and his co-defendant were charged with conspiring to knowingly and intentionally distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 29, 2012, Hernandez entered a guilty plea to that charge. [Record No. 45] This defendant's accompanying Plea Agreement outlined his criminal conduct. Paragraph 3 of that Agreement provides, in part:

> On June 22, 2011, a FBI confidential human source (CHS) purchased an ounce of cocaine from the Defendant, Arturo J. Hernandez, aka Raton . . . .

> On December 7, 2011, the CHS purchased approximately one-half kilogram of suspected powder cocaine from Hernandez for $16,500 at the Kroger parking lot near Westport Road in Louisville, Kentucky.
> . . . .
> The cocaine purchased by the CHS from Hernandez was determined to be in fact cocaine, a Schedule II controlled substance. The cocaine weighed at least 500 grams but less than 2 kilograms.

[Record No. 61]

Hernandez was sentenced on October 2, 2012, to 60 months imprisonment, followed by a term of supervised release of four years. [Record No. 63] This was the minimum term of imprisonment that could be imposed under 21 U.S.C. § 841(b)(1)(B). The Government requested a three-level reduction in the guideline range for acceptance of responsibility under U.S.S.G. § 3E1.1. [Record No. 71, pp. 4–5] Hernandez's guideline range for imprisonment was 57 to 71 months but, because of the mandatory minimum, his range was 60 to 71 months.

Hernandez argues that his sentence should be reduced based on the United States Sentencing Commission's proposed reduction to the drug tables contained in the United States Sentencing Guidelines. The proposed reduction is expected to become effective on November 1, 2014. While the Sentencing Commission has indicated that the revisions shall have retroactive effect, offenders may not be released from custody pursuant to the amendments before November 1, 2015. (*See* Amendment 788 to USSG §1B1.10, effective November 1, 2014.) Thus, the question presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. Considering all relevant factors, the undersigned believes that such a reduction would be wholly inappropriate.

First, Hernandez admitted that he conspired to distribute more than 500 grams of a mixture or substance containing a detectible amount of cocaine in violation of 21 U.S.C. § 846(b)(1)(b) which carries a mandatory minimum term of imprisonment of 60 months. Based on the unique circumstances of this case, Hernandez was sentenced to the minimum term of imprisonment under the statute. While there are certain circumstances in which a defendant may be sentenced below the statutory minimum, those circumstances are not present here. *See* USSG § 1B1.10; 18 U.S.C. § 3553(e). In short, the Court cannot reduce this sentence below the 60 month term of imprisonment previously imposed and required by statute.

Second, *even if* the mandatory minimum term of incarceration required by statute did not apply, a reduction of the sentence originally imposed would unduly diminish the severity of Hernandez's offense. Hernandez was convicted of conspiring to distribute a *substantial* quantity of cocaine. Hernandez, who is in the country illegally, has a criminal history. [Record No. 71, pp. 8, 10–11] Although his prior criminal infractions relate predominantly to traffic offenses, those offenses present a danger to the public. Hernandez's behavior indicates a lack of respect for the laws of this Country.

As the Court commented during the sentencing hearing, the Court the 3553 factors counseled in favor of a higher sentence than that ultimately imposed. It was only the favorable factors outlined during allocution that caused this Court to ultimately impose the sentence of 60 months for this very serious offense. [Record No. 71, pp. 9–12] In short, the likelihood that Hernandez will re-offend when released is substantial and the corresponding danger he presents to the public is great. Neither deterrence nor respect for the law will be promoted by a reduced sentence. In evaluating the present motion, this Court must seriously

consider all relevant statutory factors and independently determine whether a reduced sentence would be "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." These factors include the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from future crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

Considering all relevant information, the undersigned concludes that a reduction of Hernandez's sentence would not meet these statutory goals. A further reduction would not provide a just punishment for the defendant. And more importantly, it would not provide specific deterrence to Hernandez or general deterrence to others inclined to commit a similar offense. Finally, the Court notes that the United States Sentencing Guidelines are not binding. While the costs to incarcerate Hernandez are substantial, those costs are not factors to consider under 18 U.S.C. § 3553. And more importantly, those costs do not overcome the relevant considerations outlined above. Accordingly, it is hereby

**ORDERED** that Defendant Arturo J. Hernandez's motion for a reduction of his sentence [Record No. 69] is **DENIED.**

This 16th day of October, 2014.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge